# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DONALD SMITH, Relator, <br><br> Plaintiff/Relator <br><br> v. <br><br> PROGRESSIVE HOLDINGS, LLC, *et al.*, <br><br> Defendants. | Civil Action No. 11-482 <br> Judge Cathy Bissoon |

## ORDER

Donald Smith ("Relator") brings the instant case pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"), on behalf of the United States of America. Relator alleges that Defendants engaged in violations of the FCA and the Buy American Act ("BAA"), 41 U.S.C. §§ 8301-8305 (formerly codified at 41 U.S.C. §§ 10a-10d) by allegedly fulfilling certain contracts with the government with products that were non-compliant with the BAA, in spite of making certifications to the contrary.

Before this Court are two motions. The first is Defendants' motion to reassign this case to Judge Ambrose. (Doc. 11). The United States indicated that it was unopposed to this motion. (Doc. 18 at 2). Relator has filed no response, despite being ordered to do so on or before January 23, 2012. See Order of Jan. 12, 2012.

The basis for the motion to transfer is Defendants' assertion that the instant cause of action is related to one that had been assigned to Judge Ambrose - Smith v. Progressive Holdings, LLC, No. 10-1230 (W.D. Pa. filed Sept. 17, 2010). That case involved claims against Defendant Progressive Holdings, LLC, as well as various other defendants, for breach of

1

contract, unjust enrichment, and intentional interference with contractual relationships, in connection to the work allegedly performed by the plaintiffs on certain government contracts. (Doc. 1-2). The defendants to that action filed various counterclaims against the plaintiffs based on theories of breach of contract, "overpayment," misrepresentation, interference with contractual relations, defamation, and wrongful use of Progressive Holding's company credit cards. (Doc. 4). The misrepresentation counterclaim involved allegations that the plaintiffs had shipped non-conforming goods to the United States. That case ended in a consent judgment in favor of the defendants prior to the filing of any dispositive motions.

Under Local Civil Rule 40.D.2, "civil actions are deemed related when an action filed relates to property included in another action, or involves the same issue of fact, or it grows out of the same transaction as another action . . . ." Although a court may reassign a case based on relatedness, see LCvR 40.E.2, "reassignment is an extraordinary remedy." Alboyacian v. BP Prods. N. Amer., Inc., No. 09-5143, 2010 WL 56036, at *1 (D.N.J. Jan. 4, 2010) (citation omitted). "Litigants do[] not have the right to have [their] case heard by a particular judge," and, although this Court has the authority and discretion to reassign a civil action, it need not exercise that discretion. Id. (internal quotes and citations omitted, alterations in original).

Upon a review of the docket in Judge Ambrose's case, the undersigned is unconvinced that these two cases are related, or that judicial economy would be served by reassigning this case to Judge Ambrose. Accordingly, this motion will be denied.

Next, this Court addresses Defendants' motion to unseal docket entries. (Doc. 12). As of the date of this writing, only two filings – Documents 5 and 6 – remain under seal. The United States does not object to unsealing Document 6; however, it maintains that Document 5 reveals confidential investigative methods utilized by the government. (Doc. 17 at 7). Upon careful *in*

*camera* review of this document, as well as all of the other documents filed in this case, this Court finds this argument to be persuasive, and thus will deny this motion with respect to Document 5.  See <u>United States ex re. O'Keefe v. McDonnell Douglas Corp.</u>, 902 F. Supp. 189, 192 (E.D. Mo. 1995) (declining to unseal documents providing substantive details regarding the government's methods of investigation).

AND NOW, this 25th day of January, 2012,

IT IS HEREBY ORDERED Defendants' motion to reassign cast to Judge Ambrose (Doc. 11) is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to unseal docket entries (Doc. 12) is GRANTED in part, and DENIED in part.  Document 6 shall be unsealed.  The seal shall remain on Document 5.

BY THE COURT:

<u>s/Cathy Bissoon</u>
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc (via CM/ECF):
all counsel of record