IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) <br> DONALD SMITH, Relator, ) <br> ) <br>        Plaintiff/Relator ) <br> ) <br> v. ) <br> ) <br> PROGRESSIVE HOLDINGS, LLC, ) <br> *et al.*, ) <br> ) <br>        Defendants. ) | Civil Action No. 11-482 <br> Judge Cathy Bissoon |

### **ORDER**

For the reasons stated below, Defendant American State Bank's motion to reopen and dismiss this case (Doc. 38) will be granted.

Donald Smith ("Relator") brings the instant case pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"), on behalf of the United States of America. Relator alleges that Defendants engaged in violations of the FCA and the Buy American Act ("BAA"), 41 U.S.C. §§ 8301-8305 (formerly codified at 41 U.S.C. §§ 10a-10d) by allegedly fulfilling certain contracts with the government with products that were non-compliant with the BAA, in spite of making certifications to the contrary.

On March 6, this Court granted Relator's attorneys' second motion to withdraw. See (Doc. 36); see also Text Order of Mar. 6, 2012. The undersigned administratively closed this case pending Relator's retention of new counsel. On June 18, 2012, Defendant American State Bank moved to reopen this case, and to dismiss it due to Relator's failure to obtain new counsel. (Doc. 38 at 2-5). This Court explicitly ordered parties to respond to this motion on or before

July 9, 2012.[1]  See Text Order of June 18, 2012.  On July 13, 2012, the government filed notice – albeit untimely – that it did not object to the dismissal of this case.  See (Doc. 40).

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to prosecute or to comply with an order of court.  Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990).  "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct.  Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction."  Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to prosecute or to obey pretrial orders.  They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Id. at 868.  These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).  Consideration of the factors listed above is as follows.

---

[1] A copy of this order was mailed to Relator at his address of record on the same day.  See Staff Notes of June 18, 2012.  However, this mailing was returned, undelivered, by the postal service on July 3, 2012.  It is Relator's responsibility to keep the Court apprised of his current contact information.  Relator's failure to do so is indication that he does not intend to prosecute this case in a timely manner.

(1) The extent of the party's personal responsibility.

Relator is, at this instant, proceeding in this matter *pro se*. While it is clear that he did not receive the text order of June 18, 2012, the responsibility for this is his alone, due to his failure to inform this Court of his change of address. Additionally, Relator has long been aware that his counsel had withdrawn, and was aware that he was required to obtain new counsel in order to go forward with this case. He alone is responsible for not securing counsel over the last four months.

(2) Prejudice to the adversary.

Defendant American State Bank asserts that "[i]t is intolerable for [it] to remain burdened with this litigation" so far from Iowa, which is the sole state in which this Defendant does business. (Doc. 38 at 5 n.2). Certainly, it is unfair to force Defendants to suffer under the threat of litigation based on the inscrutable whims of an absent Relator. As a result, this factor weighs in favor of dismissal.

(3) A history of dilatoriness.

Relator has not made any effort to move this case forward, has ignored this Court's direction to obtain new counsel, and has failed to inform this Court of his change of address. This is sufficient evidence, in this Court's view, to indicate that Relator does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on the record that Relator's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Relator is an individual who currently is proceeding *pro se*, and there is no indication on the record that the imposition of costs or fees would likely be an effective sanction. Additionally, it is noted that Plaintiff United States of America does not object to the dismissal of this case.

(6) Meritoriousness of the case.

Given the early stages of this litigation, it is unclear whether Relator's claims have merit. However, the law is clear that Relator may not proceed *pro se* in this matter.  See, e.g., United States ex rel. Banks v. Aramark Corr. Servs., No. 06-1424, 2008 WL 3833459, at *4-*5 (W.D. Pa. Aug. 15, 2008) (citing cases).

Because all of the Poulis factors weigh in favor of dismissal, and because Plaintiff United States of America does not object, this case will be dismissed with prejudice.


AND NOW, this 16th day of July, 2012,

IT IS HEREBY ORDERED that Defendant American State Bank's motion to reopen and dismiss this case (Doc. 38) is GRANTED.  This case is DISMISSED with PREJUDICE.

IT IS FURTHER ORDERED that the seal shall remain in place on any documents on the docket that currently are under seal.


July 16, 2012                                                          s\Cathy Bissoon
                                                                       Cathy Bissoon
                                                                       United States District Judge

cc:

All Counsel of Record (via ECF email notification)

Donald Smith
1308 Main Street
Burgettstown, PA 15021